

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00097-CR

_____

EVERETT HENRY AKER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 31159

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Everett Henry Aker, Jr. was convicted by a Lamar County Jury for possession of four grams or more but less than 200 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.). Aker appeals.

Aker's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 7, 2025, counsel mailed to Aker copies of the brief, the motion to withdraw, and a copy of the trial record. Aker was informed of his rights to review the record and file a pro se response. On that same date, this Court informed Aker that any pro se response was due on or before November 6, 2025. We have received no response or request for extension of time to file from Aker. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We note that the trial court's judgment states that Aker was convicted of possession of four grams or more but less than 200 grams of a Penalty Group 1-B controlled substance, but

2

methamphetamine is a Penalty Group 1 controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Supp.). Appellate courts have the authority to modify judgments to speak the truth when we have the necessary information before us to do so. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the trial court's judgment to show that Aker was convicted of possession of a Penalty Group 1 controlled substance.

As modified, we affirm the trial court's judgment.[1]

Scott E. Stevens
Chief Justice

Date Submitted:    December 10, 2025
Date Decided:    December 23, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.